UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JON K. MILBRAND,

      Plaintiff,

                                  Case No. 17-CV-13237

v.

                                  HON. GEORGE CARAM STEEH

UNITED STATES DEPARTMENT
OF LABOR,

      Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (DOC. 22), DENYING
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DOC. 8),
<u>AND DENYING PLAINTIFF'S MOTION TO AMEND (DOC. 19)</u>

      Plaintiff, Jon K. Milbrand, alleges that the United States Department

of Labor violated the Freedom of Information Act ("FOIA") by withholding

certain records in response to his request. The parties have filed cross-

motions for summary judgment. Plaintiff has also filed a motion to amend

his complaint. Upon review, the court finds that disposition of this matter

would not be aided by oral argument. For the reasons explained below,

Defendant's motion for summary judgment is granted and Plaintiff's

motions are denied.

## BACKGROUND FACTS

On February 9, 2015, Plaintiff submitted a FOIA request to Defendant seeking information regarding Compliance Safety and Health Officers ("CSHOs") employed by the Occupational Safety and Health Administration ("OSHA").  Plaintiff also seeks information regarding state CSHOs. Specifically, Plaintiff requested the "number of state plan CSHOs" for 2015 and the previous nine years, the business email addresses of state CSHOs, and the business email addresses of federal CSHOs. Compl. at ¶ 24.  CSHOs are responsible for inspecting worksites, investigating workplace health and safety complaints, and issuing citations to employers who fail to meet OSHA standards.  CSHOs may be either direct federal employees of OSHA or employees of an OSHA-approved plan administered by a state.

Plaintiff's FOIA request was assigned number 769356.  Defendant conducted a search and found one responsive record, a list of the number of state plan CSHOs from 1977 to 2015.  As Defendant provided this record to Plaintiff, this portion of Plaintiff's request is not at issue here. Defendant declined to provide business email addresses for either state or federal CSHOs, relying on Exemption 6 of the FOIA.

Plaintiff appealed Defendant's decision not to release the email addresses. The appeals unit remanded Plaintiff's request to OSHA because it did not initially "identify the material it reviewed . . . or provide any estimation of the volume of material withheld." Def.'s Ex. B, attachment B.

On May 23, 2016, OSHA issued a supplemental response to Plaintiff's request, indicating that a "reasonable search for records by OSHA did not reveal any documents responsive to your request" for the business email addresses of the state CSHOs. OSHA further stated that the business email addresses of the 817 federal CSHOs were located in the department's email software program. OSHA withheld those records in their entirety under FOIA Exemptions 2 and 6.

Plaintiff appealed OSHA's decision to withhold the business email addresses of the federal CSHOs to the Office of the Solicitor, Department of Labor. After review, it was determined that "OSHA properly withheld all of the email addresses of the CSHO's pursuant to exemption 6." Def.'s Ex. B, attachment D. The appellate decision is a final agency action for purposes of judicial review. *Id.* Plaintiff filed this action pursuant to 5 U.S.C. § 552(a)(4)(B), which provides for judicial review of the denial of his FOIA request.

<u>LAW AND ANALYSIS</u>

Pursuant to 5 U.S.C. § 552(a)(4)(B), the court has the authority to "enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." *Id.* The court reviews an agency's denial of a FOIA request *de novo. Id.* An agency may only withhold records if one of the exemptions set forth in the statute applies. *Rimmer v. Holder*, 700 F.3d 246, 255 (6th Cir. 2012). FOIA exemptions are to be "construed narrowly," and the agency bears the burden of establishing that any claimed exemption applies. *Long v. Office of Personnel Management*, 692 F.3d 185, 190 (2d Cir. 2012).

"As most challenges to an agency's use of a FOIA exemption involve purely legal questions, district courts typically resolve these cases on summary judgment." *Rimmer*, 700 F.3d at 255. To prevail on a motion for summary judgment in a FOIA case, the agency must show it made a "good faith effort to conduct a search for the requested records using methods reasonably expected to produce the requested information and that any withholding of materials was authorized within a statutory exemption." *Id.* (citation omitted). *See also* Fed. R. Civ. P. 56.

With respect to the adequacy of the search, Defendant has submitted an affidavit from Thomas Galassi, Director of the Directorate of Enforcement Programs within OSHA, who is the FOIA coordinator.  Galassi stated that the Directorate of Cooperative and State Programs ("DCSP") and the Directorate of Enforcement Programs ("DEP") within OSHA conducted the search for the records requested by Plaintiff.  After a supplemental response was ordered, a second search was conducted by DCSP, DEP, and the Directorate of Administrative Programs.  Although records of email addresses for federal CSHOs were found, Galassi asserts that "OSHA does not maintain a list of email addresses for State Plan CSHOs."  Plaintiff argues that the search was inadequate because he believes that OSHA should have the email addresses for state plan CSHOs.  Plaintiff's speculation that records should exist is not sufficient to rebut Defendant's showing that it conducted a reasonable search. *See CaretoLive v. Food & Drug Admin.*, 631 F.3d 336, 341 (6th Cir. 2011).

Defendant's search yielded 817 email addresses for the federal CSHOs, which were withheld pursuant to Exemption 6.  This exemption allows an agency to withhold the disclosure of "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).  To

determine whether a federal agency may withhold information pursuant to Exemption 6, the court must first determine whether the information is kept in personnel, medical, or "similar" files. *See Long v. OPM*, 692 F.3d at 190. "If so, we balance the public's need for the information against the individual's privacy interest to determine whether the disclosure . . . would constitute a 'clearly unwarranted invasion of personal privacy.'" *Id.*(citation omitted).

Exemption 6 is "designed to protect personal information in public records, even if it is not embarrassing or of an intimate nature." *National Assn. of Retired Federal Employees v. Horner*, 879 F.2d 873, 875 (D.C. Cir. 1989) (citing *Department of State v. Washington Post Co.*, 456 U.S. 595, 600 (1982)). Protection under Exemption 6 is not limited to "a narrow class of files," but "cover[s] detailed Government records on an individual which can be identified as applying to that individual." *Washington Post*, 456 U.S. at 602. "The names and contact information of federal employees are the type of information that is eligible for withholding under Exemption 6."[1] *Long v. Immigration & Customs Enforcement*, 279 F. Supp.3d 226, 243 (D.D.C. 2017). *See also Henderson v. U.S. Dept. of Justice*, 157 F.

---

[1] Although Plaintiff has not specifically requested the names of the CSHOs, the court notes that government email addresses typically consist of employees' first and last names.

Supp.3d 42, 50 (D.D.C. 2016) (names and contact information of government employees qualify as "similar files" under Exemption 6); *Waterman v. IRS*, 288 F. Supp.3d 206, 211 (D.D.C. 2018) (phone numbers and email addresses of IRS employees withheld under Exemption 6). The court finds that the business email addresses of the federal CSHOs are included in personnel or "similar" files under Exemption 6.[2]

Next, the court balances "the public's need for the information against the individual's privacy interest to determine whether the disclosure . . . would constitute a 'clearly unwarranted invasion of personal privacy.'" *Long v. OPM*, 692 F.3d at 190. Courts have held that federal employees have a privacy interest in their names and contact information. *See Long v. ICE*, 279 F. Supp.3d at 243-44; *U.S. Dept. of Navy v. Federal Labor Relations Authority*, 975 F.2d 348, 352 (7th Cir. 1992) ("As other circuits have reasoned, the privacy interest implicated here is in the release of an individual's name in association with his employment position in the federal government."). This is particularly true when federal employees work in sensitive positions such as in law enforcement or in an investigatory

---

[2] Plaintiff relies upon *Leadership Conference on Civil Rights v. Gonzales*, 404 F. Supp.2d 246 (D.D.C. 2005), which held that Justice Department paralegals' names and work telephone numbers were not protected under Exemption 6 and that they had no privacy interest in this information, which was "already publicly available." *Id.* at 257. *Gonzales* is distinguishable from this case in that the emails sought here are not publicly available. Moreover, the court's analysis in *Gonzales* is against the great weight of authority, as discussed throughout this opinion and order.

capacity. *Long v. OPM,* 692 F. 3d at 192 & n.4 (finding federal employees in "sensitive" agencies and occupations – including general inspection and compliance inspection – "have a cognizable privacy interest in keeping their names from being disclosed wholesale"); *Waterman*, 288 F. Supp.3d at 211 (IRS employees had privacy interest in disclosure of phone numbers and email addresses, which could subject them to "embarrassment and harassment in the conduct of their official duties"); *Walston v. U.S. Department of Defense*, 238 F. Supp.3d 57, 67 (D.D.C. 2017) (DOD investigative employees had privacy interest in their names and business contact information).

Here, the federal CSHOs are responsible for inspecting work sites, investigating complaints about workplace health and safety, and issuing citations to employers who fail to meet OSHA standards. In light of their work in an investigative capacity, the release of their business email addresses exposes them to the risk of harassment and implicates a substantial privacy interest. *See Long v. OPM*, 692 F3d at 192; *O'Keefe v. U.S. Dept. of Defense*, 463 F. Supp. 2d 317, 326 (E.D.N.Y. 2006) (finding that "investigative personnel have significant privacy interests as they may be subject to harassment or embarrassment if their identities are disclosed").

The court next weighs the federal CSHOs' privacy interest against the public interest in disclosure. "The only public interest cognizable under FOIA is the public 'understanding of the operations or activities of the government.'" *Long v. OPM*, 692 F.3d at 193 (quoting *U.S. Dept. of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 775 (1989)). Plaintiff seeks the business emails of the 817 federal CSHOs so that he may send them a survey about an OSHA safety standard, which he intends to use in his attempt to challenge the standard. A list of business email addresses does not, however, reveal to the public "what their government is up to," which is the only relevant public interest under FOIA. *Id.* ("In many contexts, federal courts have observed that disclosure of individual employee names tells nothing about 'what the government is up to.'"); *Horner*, 879 F.2d at 878-79 (no public interest in disclosure of names and addresses to assist organization in lobbying activities); *U.S. Dept. of Navy*, 975 F.2d at 355 (no public interest in release of names and addresses of federal employees). Indeed, there is no public interest under FOIA "in identifying a federal employee by name in order to make contact or conduct interviews," as Plaintiff intends to do here. *Long v. OPM*, 692 F.3d at 194. "Such a use . . . actually facilitates the invasion of the employee's personal privacy." *Id.*

Under the circumstances, the CSHOs' privacy interest clearly outweighs the public interest in disclosure, because Plaintiff has not articulated a cognizable public interest under FOIA.  *See id.*; *Horner*, 879 F.2d at 879 ("[S]omething, even a modest privacy interest, outweighs nothing every time.").  Accordingly, the court finds that Defendant properly withheld the business email addresses of the federal CSHOs under Exemption 6 of the FOIA.

Plaintiff also seeks to amend his complaint and conduct discovery. Plaintiff's proposed amendments request (1) "an order enjoining the agency from relying on an invalid regulation or practice in all future FOIA undertakings"; (2) "an order declaring the agency's actions to be violation of FOIA"; (3) an award of attorney's fees and costs; and (4) that the court make a finding that the agency's actions were "arbitrary and capricious" and refer the matter to the Merit System Protection Board for investigation. Doc. 19 at 1.  Plaintiff's proposed amendments rest on the premise that Defendant has violated the FOIA.  As discussed above, the court finds that Defendant has sustained its burden of demonstrating that it properly withheld the requested information pursuant to Exemption 6.  Accordingly, Plaintiff's proposed amendments are futile. *See Miller v. Calhoun Cty.*, 408 F.3d 803, 817 (6th Cir. 2005) ("Amendment of a complaint is futile when the

proposed amendment would not permit the complaint to survive a motion to dismiss.").

As for Plaintiff's discovery request, "[i]n FOIA cases, discovery is both rare and disfavored." *Freedom Watch v. Bureau of Land Mgmt.*, 220 F. Supp. 3d 65, 68 (D.D.C. 2016). A court may grant discovery in a FOIA case where the plaintiff has made a "sufficient showing that the agency acted in bad faith." *Id.* (citations omitted). Plaintiff has not made such a showing here, when the agency properly withheld the requested information pursuant to Exemption 6.

## CONCLUSION

IT IS HEREBY ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's motion for summary judgment and motion to amend complaint are DENIED.

Dated: August 9, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on August 9, 2018, by electronic and/or ordinary mail and also on Jon K. Milbrand, 5722 Brookside Lane, Washington, MI 48094.

s/Barbara Radke
Deputy Clerk

---